NO. 07-05-0159-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 25, 2005

_____

IN THE INTEREST OF A.R.M., A CHILD
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-516,052; HONORABLE SAM MEDINA, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant James A. Miller filed a notice of accelerated appeal, received by the trial court on April 18, 2005, stating that he was appealing a March 30, 2005 judgment terminating his parent-child relationship with the minor child, A.R.M.[1]

The notice of appeal was received by this Court on April 22, 2005, and by letter that same day the clerk of this Court notified appellant that the filing fee had not been paid, and that failure to pay it could result in dismissal. Appellant filed an affidavit of indigence with the trial court on April 25, 2005, pursuant to Rule 20.1 of the Rules of Appellate Procedure.

---

[1]This is an accelerated appeal pursuant to section 263.405(a) of the Texas Family Code.

A motion requesting an extension of time to file appellant's affidavit of indigence was filed with this Court April 29, 2005. Tex. R. App. P. 10.5 (b), 20.1(c)(3).

On April 29, 2005, the trial court held a hearing pursuant to section 263.405(e) of the Texas Family Code for the purpose of determining if appellant was indigent and whether the appeal was frivolous, and to consider appellant's motion for new trial. Tex. Fam. Code Ann. § 263.405(e) (Vernon 2002). The trial court signed an order the same day denying appellant's motion for new trial, denying his request to proceed as indigent, and finding his appeal to be frivolous. That order has not been appealed.[2]

The clerk of this Court notified appellant by letter on May 6, 2005, that his motion for extension of time to file the affidavit of indigence was denied. He was directed by letter to pay the filing fee on or before May 16, 2005. The letter again advised him that failure to pay the filing fee could result in the appeal being dismissed. *See* Tex. R. App. P. 42.3(b), (c).

Appellant is not excused by statute or the Rules of Appellate Procedure from paying costs. Tex. R. App. P. 5. Appellant has failed to comply with the requirement that he pay the filing fee this Court is obligated to collect, and with this Court's orders with respect to

---

[2]Section 263.405 provides a procedure for appealing the trial court's order denying the appellant's claim of indigence by filing with the appellate court the reporter's record and clerk's record of the hearing no later than ten days after the date the trial court makes the decision. Tex. Fam. Code Ann. § 263.405(g). We received a reporter's record of the hearing May 23, 2005, twenty-four days after the date of the trial court's decision. We have not received a motion for extension of time to file the record. § 263.405(h). Nor have we received any direct indication from appellant of a desire to appeal the trial court's order denying his claim of indigence.

the filing fee. All parties having had more than ten days' notice that dismissal could result from appellant's continued failure to comply with the rules and this Court's orders, the appeal is dismissed. Tex. R. App. P. 5, 42.3(b), (c).


James T. Campbell
Justice